JOHN E. RIGDEN vs. CHARLES WOLCOTT.—*Dec.* 1834.
Same     vs. WILLIAM WOLCOTT.    "

It is a general rule, that under the plea of *non cul,* in an action for defamatory words, the defendant may give evidence of such facts and circumstances, as show a ground of suspicion of the truth of the matters charged, not amounting to justification, or proof of guilt of the plaintiff, in *mitigation of damages,* but not in bar of the action.

Words, when used in a manner and sense to impute guilt, imply in contemplation of law, malice sufficient to sustain an action, and entitle the plaintiff to a verdict; but the amount of damages depends in part on the degree of malice, of the malignity and wantonness of intention to injure, with which the words used were spoken.

It is not necessary in an action of slander for the defendant to give notice of his intention to offer evidence in mitigation of damages under the general issue.

APPEAL from *Baltimore* county court.

Actions on the case for slanderous words, spoken by the appellant of the appellees, instituted on the 8th of June, 1830.

Issues were joined upon the pleas of not guilty.

The circumstances of these cases are sufficiently stated by the judge who delivered the opinion of this court.

The appeals were taken by the defendant, the verdict and judgment of the county court (HANSON, A. J. presiding) being in favour of the plaintiffs in that court.

The causes were argued before BUCHANAN, Ch. J. and STEPHEN and CHAMBERS, J's.

*McMahon* for the appellant.

The question is, whether in an action of slander, evidence in mitigation of damages, can be received upon the plea of not guilty.

Upon this issue, the question is, not whether the words are true or false, but whether they were spoken; and if spoken, with what degree of malice; malice constituting the gist of the action; which is, in its nature, both remedial and penal; remedial for the redress of the injury done

to the plaintiff, and penal, for the punishment of the defendant, for his malignity, and therefore the *quo animo.* is a most material inquiry.    4 *Wen.* 139.    7 *Cowen,* 624, 627.

It is competent to the plaintiff to enhance the malice, and aggravate the damages, by proof that the words were frequently spoken, and upon occasions, and under circumstances calculated to do the plaintiff the greatest possible injury, or by proof of the speaking of other slanderous words.    1 *Campb.* 49.    This is tolerated to inflame the malice, and consequently to swell the damages, and justice therefore requires, that the defendant should be allowed to mitigate both, by the proof of circumstances, showing that instead of being actuated by malice, he was influenced in speaking the words imputed to him, by a conviction of their truth.    Malice is a presumption of fact, resulting from the falsehood of the words, and may be repelled by proof of circumstances, indicating its non-existence. It is not a legal presumption, incapable of contradiction.    In civil cases the jury are not only to find the malice, but the *quantum* of the malice, which would not be the case if it was a legal rule, for then the same amount of damages must be recovered in every case.    It is not possible that the same amount of damages can be awarded against the party who wantonly, and causelessly assails the character of another; and him who utters the same words, under a full conviction of truth, and under circumstances of strong suspicion.

To show that suspicious circumstances may be proved, he cited,—3 *Campb.* 294.    *Rand. Peake,* 349, appendix 94. 3 *Serg. and Lowb.* 111, 113, 115.    12 *Ib.* 268.    22 *Ib.* 357. 2 *Campb.* 254.    14 *Serg. and Lowb.* 248.    1 *Binny,* 90, *note (a.)*    7 *Cowen,* 613.    4 *Wen.* 114.    7 *Ib.* 632.    3 *Massa. Rep.* 553.    1 *Pick.* 7.    2 *Pick.* 310.    3 *Con. Rep.* 463, 466.    4 *Con. Rep.* 408, 416.    1 *Nott and McCord,* 268, 271, 274.    3 *Ohio Rep.* 270.    4 *Gill and Johns.* 342.

The second case differs from the first, only in the fact, that notice of the defendant's intention to offer the mitigating proof was not previously given to the plaintiff, and that the defendant's proof was rejected in advance, and not first offered; and then upon the prayer of the plaintiff's counsel, decided by the court to be inadmissible for the purpose for which it was offered.

He insisted, that notice to the plaintiff of the proposed proof, was not necessary, because the object of it was not to inculpate him, but to exculpate the defendant from the imputation of malice. But if it was otherwise, and the proof referred to is calculated to throw suspicion upon the plaintiff, it would be admissible, as a man of suspicious character is not entitled to the same damages, as one whose character is free from stain.

The question to be solved is the malice of the defendant, and proof to that point, on either side, should not be excluded. 3 *Gill and Johns.* 386. 19 *Serg. and Lowb.* 64.

Mitigating proof cannot be offered when the defendant pleads a justification; but if he retracts the justification, by an admission upon the record, of the plaintiff's innocence of the charge conveyed by the words, then such proof is admissible. 1 *Pick.* 19.

*Hinkley* for the appellee.

The action is for words imputing a felony, and their falsehood being admitted, the question is, whether proof of suspicious circumstances is admissible in mitigation of damages, as showing the absence of malice in the defendant.

The words are actionable in themselves, and malice is inferrible from their falsehood. *Stark. on Sland.* 127.

The action is given to make reparation to the plaintiff, for the *effect*, which the words spoken are calculated to have upon his reputation, and it would be as reasonable to admit evidence in reference to the *effect* of the words, as to the malice with which they were uttered. The law *implies*

the malice, where the words are actionable *per se*, and are proved, or admitted to be false.

If in such a case the malice can be mitigated, the action is destroyed. Evidence in *mitigation of implied malice is* inadmissible. 1 *Pick. Rep.* 2, 17. The plaintiff did not offer evidence to inflame the malice, by proof of extrinsic circumstances, or of words not charged in the declaration, but if he had done so, the proof offered on the other side would be inadmissible. 1 *Campb.* 49, *note.* 2 *Phillips' Ev.* 107.

It is the wrong done to the plaintiff which is to be repaired, in damages, which are not regulated by the defendant's malice; and whether he believes or disbelieves the words he utters, is immaterial, as that cannot affect the injury sustained by the plaintiff. *Stark. on Slander,* 404, 411.

If the malice with which the words are spoken is the material circumstance to guide the jury in the assessing of the damages, then slander in an unknown language would be actionable, as there may be as much malice in the uttering of such language, as in a language known to the bystanders, by which alone the party slandered can be injured. *Stark. on Slander,* 35, 265, 266. 2 *Stark. Ev.* 844.

Under the general issue, facts and circumstances, not amounting to a justification, cannot be given in evidence in mitigation of damages. 3 *Serg. and Lowb.* 177. 16 *Ib.* 412.

BUCHANAN, Ch. J., delivered the opinion of the court.

This was an action of slander, in which issue was joined on the plea of not guilty.

At the trial below, the speaking of the words charged in the declaration being proved, the defendant offered evidence in *mitigation of damages,* of probable cause of suspicion at the time of speaking the words complained of, not amounting to proof of their truth; accompanied by a disclaimer of any intention to prove the commission by the

plaintiff of the crime imputed to him; and by notice to the plaintiff given some time before the trial of the proof intended to be offered, and the evidence itself that was offered, going to exculpate the plaintiff from the charge, but showing a ground of suspicion of his guilt, at the time the words were uttered—which was rejected by the court as inadmissible, for the purpose for which it was offered.

The authorities upon this subject are very numerous, with some apparent inconsistency; but if examined, they will be found, it is apprehended, to differ not so much as to the principle involved, as in relation to the peculiar nature of the particular case, and the character of the evidence offered—not as to the *principle* itself, but the application of it.

The general rule, as we conceive, being that under the plea of *non cul.;* in an action for defamatory words, the defendant may give evidence of such facts and circumstances as show a ground of suspicion, not amounting to justification, or proof of guilt of the plaintiff, in mitigation of damages, but not in bar of the action. The words themselves, when used in a manner and sense to impute guilt, implying in contemplation of law, malice sufficient to sustain the suit, and entitle the plaintiff to a verdict, but the amount of damages depending on the degree of malice, of the malignity and wantonness of intention to injure, with which they were spoken.

Hence the discretion vested in the jury, to assess nominal or aggravated damages, according to the circumstances of the particular case, as a compensation to the plaintiff for a wound inflicted upon his feelings and character; and a punishment of the defendant for the wanton indulgence of his malignant propensities.

And hence, too, the practice and right of the plaintiff to give evidence of the express malice, and settled purpose of the defendant in the use of the words charged, to injure him in his character and standing in society.

If it was otherwise, and every case for words actionable *per se*, was made to depend upon the malice which the law implies, and of which the law knows no degrees, juries would have no criterion by which to measure the amount of their verdicts, and no grounds furnished them for giving exemplary damages, either as a compensation to the plaintiff, or a punishment of the defendant. And surely, he who impeaches the integrity of another, under an honest conviction of the truth of what he says, arising from probable grounds of suspicion, known to him at the time of speaking the words, is a less fit subject of aggravated damages, than one who goes through the country uttering malicious slanders, with the settled malignant purpose of destroying his neighbour's character, knowing, at the time, that what he says is false.

The malice which the law implies, is of itself sufficient to support the action; but the damages to be commensurate with the offence, should be regulated by the *quo animo*, with which the words were spoken, for which the suit is brought. And for the very reason for which the plaintiff is permitted to give evidence of a degree of malice, beyond that which the law implies, in order to aggravate the damages, should the defendant be allowed to give evidence in mitigation, by showing that he uttered the words imputed to him upon probable grounds of suspicion of the plaintiff's guilt, calculated at the time, to impress the belief of their truth ; and that they were not spoken, for the fiend-like purpose of falsely and wantonly destroying his character.

Though he cannot, under the plea of not guilty, be suffered to prove the truth of the words, or give evidence amounting to a justification; as that would be to subject the plaintiff to surprize, who looking to the defence placed by the plea upon the record, and not knowing the course intended to be pursued by the defendant at the trial, can only be expected to come prepared to prove the speaking of the words, and not to disprove their truth. If, there-

fore, the defendant has matter of justification, on which he means to rely, he should by his plea give notice to the plaintiff of that defence, in order that he may be prepared to meet it.   But to deny to the defendant the right to show, in mitigation of damages only, on the plea of not guilty, the probable grounds of suspicion, on which he spoke the words complained of, and thus to explain his conduct, when he may subsequently to the time of speaking them have seen reason to change his opinion, would be to drive him, whether he will or not, and contrary to his own conviction at the time of pleading, to put in the plea of justification— which, if he fails to sustain, must often have the effect to increase the damages by furnishing proof on record of continued malice, though none, in fact, may continue to exist.   And to force him to the alternative of hazarding such a plea, and to the proof in support of it, when he may not wish to offer it, but only desirous to vindicate himself, by explaining the ground on which he acted; or of submitting to the imputation of malignity, and wanton and intentional falsehood and defamation, would be to inflict upon him a hardship which the law is studious to avoid; to cast an odium on the system of pleading, intended for the furtherance of justice, and to place a man, who speaks only what at the time he believes to be truth, upon a level with the malicious slanderer.   We do not, therefore, concur in opinion with the county court, and the judgment must be reversed.

The case of the same appellant *vs. William Wolcott* differs from that just decided only in this; that in the former case, notice appears to have been given some time before the trial to the plaintiff, of the intention of the defendant to offer in mitigation of damages the evidence proposed; which we think of no consequence, and was not necessary to have been given.   And also that in this case, the defendant's counsel was stopt *in limine* by the court, and not permitted to give any evidence of probable cause of suspicion at the time of speaking the words charged, in

mitigation of damages, in which we think the court erred, and should have suffered evidence not amounting to a justification to go to the jury, on the general issue in mitigation of damages ; but not in bar of the action.

THE JUDGMENTS IN BOTH CASES ARE REVERSED, AND PROCEDENDO AWARDED.