## SYMONDS *v.* CARTER.

In actions of slander, evidence of other words or acts of the defendant, tending to show his malice in uttering the words laid in the declaration, is admissible.

Such evidence is admissible, whether the words or acts proved are themselves actionable or not.

If such evidence satisfy the jury that the words set forth were uttered with express malice, they are at liberty to give severer damages, not on account of the additional words or acts proved, but for the deeper malice and malignity of heart and mind attending the utterance of the words laid themselves.

In order to render such evidence admissible, it is not necessary that the additional words should have been spoken at the same time or to the same persons as those laid in the declaration, or even before the commencement of the action, provided they were spoken so near the time of the words declared upon, or were otherwise so connected with them, as to have a legitimate bearing upon the disposition of the defendant's mind at the time of uttering the slander complained of.

Symonds v. Carter.

Words charging a single woman with having two or three little ones by a man, if intended to impute the crime of fornication, followed as a consequence by two or three bastard children, are actionable.

CASE for slander, in uttering of and concerning the plaintiff, who was a single woman, and one Robert Geddis, at Fitzwilliam, on the second day of September, 1853, the following false, scandalous and defamatory words : " They (meaning the plaintiff and said Geddis) have cohabited together for three years as much as any man and his wife." " She (meaning the plaintiff) has had two or three little ones by him, (meaning the said Geddis;)" meaning that the plaintiff had been guilty of repeated acts of fornication, and that the plaintiff had been the mother of two or three bastard children, with intent to bring the plaintiff into public infamy and disgrace, and to subject her to the pains and penalties provided by law for the crime of fornication, &c. The writ was dated February 6, 1854. The case was tried upon the general issue, at the September term, 1854, of the Court of Common Pleas for this county.

The words alleged and proved to have been spoken by the defendant on the 2d day of September, 1853, concerning the plaintiff and one Dr. Robert W. Geddis, were these : " They have cohabited together for three years as much as any man and his wife ; she has had two or three little ones by him." The court permitted the plaintiff's counsel to introduce evidence of the speaking of the same words, or similar words of the same import, both before and after the 2d of September, 1853, and also after the commencement of the suit, in order to prove malice. One of the witnesses upon this point testified that in a conversation in the month of August, 1853, the defendant said that " Sophia Symonds, the plaintiff, had had a number of young ones by Dr. Geddis, and he had given her stuff to get rid of them, and it could be proved." The defendant's counsel objected that here was a charge of a distinct and separate offence— that of criminal abortion ; — but since the words were so connected the court allowed the whole to go to the jury, subject to the exception. The plaintiff's father, who was called to prove

the words laid in the declaration, testified that he was present at the examination of Dr. Geddis, at Keene, on a charge of adultery with the plaintiff, and on his return home he had the following conversation with the defendant: " I asked Carter if he had heard the news from Keene, and he said, nothing that he could rely upon. Some passengers who came down in the train brought the news that the doctor was acquitted. I said it was a veritable fact. He said he ought not to have been acquitted, for there was evidence enough against him to hang a man. He asked me a question like this, whether some one must *see* the act done in order to prove it ? In the course of his remarks he said they had cohabited together these three years, as much as any man and wife, and that she had had as many as two or three little ones by him. I said, Mr. Carter, do you presume to say as much as that to me ? He said, it is so, and I can prove it by as many as three witnesses in this village. I told him I would not stop to talk with a man who talked so, and he said I had better be going towards Rindge."

From this testimony it appears to what extent the charge in August was similar to that made on the 2d of September. The plaintiff had no children on the 2d of September, and it was denied that she ever had any, by any one.

In relation to proof of malice, the court instructed the jury that the plaintiff must prove that the words spoken on the 2d of September, 1853, were uttered maliciously, in order to recover at all; that if the defendant by those words imputed the crime of fornication to the plaintiff, without sufficient justification or excuse, the law *presumes* that the speaking was malicious, whatever were the actual motives or whatever extenuating circumstances might exist; yet that the plaintiff has a right to prove that the words were *in fact* malicious, or the result of hatred, ill will, or a reckless disregard of their effect upon the plaintiff's reputation; and for this purpose, and this purpose only, the evidence of the same words, or words of the same meaning, spoken at other times, and which had been admitted by the court, might be considered by the jury; that no damages

Symonds *v.* Carter.

could be awarded for the speaking at any other time than that stated in the writ, but so far as the different slanders at other times went to prove actual malice on the 2d day of September, then they might be considered, although they would thus *indirectly* affect the *amount* of damages, if the jury should, as they lawfully might, award higher damages in case *actual* malice was proved, than for mere constructive, or *legal* malice. The increased damages, if given, would be given not for other slanders, at other times, but merely on account of the motives by which the defendant was governed on the 2d of September, and of which his conduct before and after might afford some evidence.

The defendant's counsel contended that the words, " she has had two or three little ones by him," as laid in the declaration, are not actionable. The court instructed the jury that if they believed that the defendant by such words intended to impute the crime of fornication, followed as a consequence by two or three bastard children, they might consider the words as actionable, but suggested the expediency of a separate assessment of damages.

The jury returned a verdict of guilty, and assessed damages for the words, " they have cohabited together," &c., the sum of $200, and for the words, " she has had two or three little ones," &c., the sum of $400. A general verdict was then taken for the sum of $600, which the defendant moved to set aside because of the admission of the evidence aforesaid of slanders on other days, and because damages were given for the words, " she has had two or three little ones by him."

*E. L. Cushing*, for the defendant.

1. The evidence of other words, forming a distinct cause of action, was admitted, the court instructing the jury, as we understood the case, that in point of law they would be authorized to give higher damages than they would be authorized to give on the evidence of the slander complained of alone. We contend that this evidence, under their instructions, was improperly admitted ; that the evidence derived from the speaking of

words does not in point of law stand on any different footing, as far as proof of malice is concerned, than any other evidence.

2. The words, " she has had two or three little ones by him," with the meaning imputed in the innuendo, cannot be actionable, and no separate damages should have been given for them. It is plain, from the case, that large damages were given for matters not in themselves actionable.

*W. H. Bartlett*, on the same side.

I. Evidence of the speaking of other words of similar import to those laid in the declaration was inadmissible.

1. The plaintiff recovers for the *injury done her by the slander*, and not for *defendant's malice*. The other theory confounds *malice in law*, " which means a wrongful act, intentionally done, without a just cause or excuse," with *malice in fact*, " which means ill will towards a person." *Dame* v. *Kenney*, 5 Foster 322; 5 C. & H.'s Phil. Ev. 245; *Bromage* v. *Prosser*, 4 B. & C. 247; *Hooper* v. *Trescott*, 2 Bingh. N. C. 451; *Watson* v. *Moore*, 2 Cush. 140, 141; *Haynes* v. *Haynes*, 29 Me. 253; *Hare* v. *Wilson*, 9 B. & C. 643; *Fisher* v. *Clement*, 10 B. & C. 472; *Hill* v. *Miles*, 9 N. H. 14. The true doctrine of damages leads to the same conclusion. 2 Greenl. Ev., § 253, and note.

In general, then, express malice is no part of the issue. If the words are defamatory, malice in law is implied, and proof of actual malice is unnecessary; if not defamatory, no degree of actual malice can make them so. *Hearne* v. *Slowett*, 12 A. & E. 719.

Actual malice is the subject of inquiry only when the alleged slander was uttered on an occasion *prima facie* lawful, to show that the utterance was not *because* of the occasion. In such case, proof of actual malice, by rebutting the seeming excuse, establishes legal malice. *Root* v. *Lowndes*, 6 Hill 520; *Watson* v. *Moore*, 2 Cush. 137; *Keenholts* v. *Decker*, 3 Den. 349; *Stuart* v. *Lovell*, 2 Starkey 93; *Fry* v. *Bennett*, 5 Sandf. 54; 13 U. S. D. 453, 8–11; *Howard* v. *Sexton*, 4 Comst. 157; 12 Dig. 408, 37; *Rundlett* v. *Butler*, 7 Barb. S. C. 261; 11 D. 307, 25.

Forming no part of the issue, and not tending to prove any thing in issue, on general principles such evidence should be rejected.

2. It seems now settled that no other words are admissible unless they are a repetition of those laid, or amount to a repetition of exactly the same charge. *Bodwell* v. *Swan*, 3 Pick. 376 ; *Defries* v. *Davis*, 7 C. & P. 112 ; *Barnwall* v. *Adkins*, 1 M. & G. 807 ; *Delagul* v. *Highly*, 8 C. & P. 444. As such words are not admitted to prove actual malice (*Root* v. *Lowndes*,) nor the meaning of those laid, (*Usher* v. *Severance*, 2 Appl. 9,) nor in aggravation of damages, it is difficult to see why they should not be rejected, by the principle that excludes other charges.

In *Root* v. *Lowndes* such repetitions seem to be regarded merely as proof of the declaration ; but as each repetition is a distinct offence, for which the plaintiff has his remedy, if he has counted on but one utterance, he should, as in trespass, be confined to proof of one tort. *Clark* v. *Mansel*, 6 Met. 384.

As these repetitions come within no exception, they must be excluded by the principle that rejects other charges.

3. The other doctrine involves absurdities and anomalies ; makes distinctions without differences ; creates difficulties and uncertainties, and tends to the manifest injury of the defendant. It tries one matter by another equally doubtful ; allows proof of a matter not in issue, and which the defendant cannot deny to excuse himself.

It depends upon a false theory, and a confusion of terms. If the words charged are equivocal, uttering other unconnected words cannot make them less so ; if unequivocal, such proof is useless.

The jury are told that because of such proof they may give greater damages, but are in the same breath directed to give none for the thing proved.

The defendant is punished more than once for the same malice. The other words enhance the damages for those laid to the full amount proper for the degree of malice shown by the

slander and its repetition; and in a subsequent suit those laid may increase the damages for the repetition to the same extent.

The cases already cited show the uncertainty and the unmeaning distinctions produced by such a theory. The principle being false, conflicts with other principles, and now the one is made to yield, and again the others. 2 Greenl. Ev., § 418, n. 4; 2 Stark., ·Slander, 53; Roscoe Ev. 293, 294; 5 C. & H.'s Phil. Ev. 246, 247; 2 Met. Stark. Ev. 635, 636, and note; *Howell* v. *Clinton,* Cooke 247; 2 U. S. D. 787, 502; *Holmes* v. *Brown,* Kirby 151; 2 U. S. D. 500; *Carter* v. *McDonald,* Wright 100; 5 U. S. D. 334, 419. If other words are admitted, the defendant may justify as to them. *Stuart* v. *Lovell, Warner* v. *Chadwell,* 2 Stark. 457. So issues may be multiplied indefinitely, while the finding of the jury can hardly be conclusive on but one. Such evidence is injurious to the defendant. *Thomas* v. *Croswell,* 7 Johns. 271; *Root* v. *Lowndes.*

II. The words charged were not equivocal. *Finnerty* v. *Tipper,* 2 Camp. 72; *McIntire* v. *Young,* 6 Blackf. 496; *Santer* v. *McEwen,* 8 Blackf. 495.

III. The words spoken after those laid, and also those spoken after suit, are not admissible. They amount to no confession; and though they may tend to show malice at the time of their utterance, they have no tendency to prove its existence at a former time. Besides, the cause of action must be considered as it existed at the commencement of the suit. *McGlenry* v. *Keller,* 3 Blackf. 488; *Mix* v. *Woodward,* 12 Conn. 262.

IV. The words spoken in August involved another and distinct criminal charge — abortion — and could not be received. *Watson* v. *Moore,* and authorities, *supra.*

*W. P. Wheeler,* for the plaintiff.

I. Although malice is an inference of law, when the words spoken are in themselves actionable, yet express malice may be shown, to increase the amount of damages which the jury may properly award. Frequent repetition of a slander is stronger proof of malice than a single utterance. *Mason* v. *Mason,* 4 N. H. 110; *Bodwell* v. *Osgood,* 3 Pick. 379.

And there would seem to be no good reason for excluding proof of such repetition from the jury because the defendant had seen fit to intermingle other slanders with such repetitions, so that they could not be separated.

II. The meaning of the charge that the plaintiff, a single woman, had had two or three little ones by the doctor, was properly left to the jury. To prove a criminal charge it is necessary to show:

1. That the words used should, either of themselves, or by reference to circumstances, be capable of the offensive meaning attributed to them ; and,

2. That the defendant did in fact use the words in that sense. Starkie on Slander, sec. 44, (Wendell's Ed.) Tried by this test, the ruling of the court was correct.

III. Evidence of the character admitted in this case has uniformly been admitted in trials of a similar character in this State. We ask the court to sustain what has always been a well settled rule here, and trust it will not be set aside on mere abstract reasoning.

FOWLER, J.* Although malice is an inference of law, from the speaking of actionable words under circumstances not justifiable, yet express malice may well be shown to increase the amount of damages which the jury may properly award for such speaking. Frequent repetition of slander is stronger proof of malice than a single utterance ; and although the jury must give damages only for the words which are the subject of the action, yet evidence is properly admissible of other words, which show the defendant's malice towards the plaintiff, in defaming him in the manner charged in the declaration. It is not necessary that the other words should have been spoken to the same individual as those mentioned in the declaration, or at the same time, or indeed before the commencement of the action, provided they were spoken so near the time of the actionable words, or were

* PERLEY, C. J., did not sit.

otherwise so connected with them as to have a legitimate bearing upon the disposition of the defendant's mind at the time of uttering the slander complained of. Nor is any distinction to be made as to whether the additional words proved are or are not themselves actionable, though the weight of authority would seem to confine them to the same subject matter. 2 Phillips' Ev. 246, and authorities; *Mason* v. *Mason,* 4 N. H. 110; *Bodwell* v. *Osgood,* 3 Pickering 379; *Chesley* v. *Chesley,* 10 N. H. 330.

Although words, when used in a manner and sense to impute guilt, imply, in contemplation of law, malice sufficient to support an action and entitle the plaintiff to a verdict, yet the amount of damages depends in part on the degree of malice; the malignity and wantonness of intention to injure, with which the words were spoken. *Rigdon* v. *Walcott,* 6 G. & J. 413.

If there be evidence of express malice, the jury may give exemplary damages. *Kinney* v. *Hosea,* 3 Harrington 397.

To show malice, the plaintiff may prove that the words laid in the declaration were repeated on various occasions, though there be but a single count. *Root* v. *Lowndes,* 6 Hill 518.

The *quo animo* with which the words charged were spoken may be shown by conversations of the defendant relating to the original defamation, had subsequent to the commencement of the suit. *Kennedy* v. *Gifford,* 19 Wendell 296.

In slander, many words not alleged to have been spoken may be proved, to show the *quo animo* with which the words laid were spoken, and to evince the degree of malignity on the part of the defendant. *Barlow* v. *Brands,* 3 Greenleaf 248.

In *Rustell* v. *Macquister,* 1 Campbell 49, where the plaintiff offered evidence of actionable words other than those laid in the declaration, to the admission of which objection was taken, on the ground that only other words not themselves actionable could be admitted, Lord *Ellenborough* laid down the rule thus broadly:

"Although there has formerly been such a distinction, it is not founded upon any principle. You cannot give in evidence special damage not laid in the declaration, but you may give in evidence any words, as well as any act of the defendant, to show

*quo animo* he spoke the words which are the subject of the action; still it would be the duty of the judge to tell the jury that they must give damages only for the words which are the subject of the action."

In actions at law for slander, evidence of actionable words not stated in the declaration may be admitted to show the malice of the defendant in uttering the words upon which the action is founded. *Chesley* v. *Chesley*, 10 N. H. 330.

Where malice is not essential to be proved, it may be, and usually is, given in evidence to increase the damages. 2 Saunders' Pl. & Ev. 332, (808;) *Bromage* v. *Prosser*, 4 B. & C. 257.

The true rule seems to us to be, that when the words are actionable of themselves, and are not uttered upon a lawful occasion and with justifiable motives, the law will infer malice, so as to enable the plaintiff to recover damages, although none be proved. But, of this technical or legal malice, as it may be termed, there may be various degrees, as indicated by the manner in which and the circumstances under which the slanderous charges were made. And other circumstances may exist, which show not merely technical malice, but actual hatred and revengeful feelings, the malignant design of the slanderer to do the utmost possible injury. For acts done or words uttered under such different circumstances, and with such different motives and purposes on the part of the slanderer, the same measure of damages cannot be properly awarded.

Actions of defamation for slander are designed not only to furnish some indemnity, so far as money can do it, for the injury inflicted, but to vindicate the character of the person unjustly assailed, and to protect him or her against a repetition of the wrong or outrage. The question is, not only what it is proper for the injured party to receive for the wrong done him, but what it may be just, under all the circumstances, that the wrongdoer should be required to pay.

If the injury to the plaintiff were the only ground of action, there could be no justification of slander, for the injury can

hardly be less where it is uttered upon a lawful occasion, and with justifiable purposes, than when uttered without such occasion and purposes. And that malice and a malignant disposition to injure are of the very gist of the right to recover, is evident from the consideration, that although the slander may have been uttered upon a lawful occasion, and from apparently proper motives, yet, if it be shown to have been spoken maliciously and with intention to injure, the lawful occasion furnishes no ground of defence.

It is, therefore, right that juries should make a discrimination in the damages they award, according to the circumstances, position, conduct, motives and purposes of the slanderer disclosed in the proofs, and they may rightfully award more severe damages for the willful, designed, malicious and mischievous circulation of a story known to be false, and repeated with a design to injure, than for the idle and garrulous repetition of a tale supposed, or even believed without examination, to be true. And such damages are awarded, not for the other words or acts that may be permitted to be proved, as tending to show the malice with which those laid were uttered, but for the deeper malice and malignity of mind and heart, attending the utterance of the words laid themselves. If the defendant has indicated his intention to injure, by his direct declarations, by repetitions of the slander, or his other acts, having a tendency to show malice in its common acceptation of personal ill will, that may be shewn in evidence, and the fact that the words or acts indicating this depraved and malignant disposition of mind are themselves slanderous or actionable in any way, will not exclude them.

Such being the current of authority, both in this country and in England, and such our views of the principle and reason of the law, we are of opinion that the evidence in this case was properly admitted, and that the instructions of the court below to the jury were correct.

That the words, " she has had two or three little ones by him," if thereby the defendant intended to charge the plaintiff with the crime of fornication, followed as a consequence by the con-

Symonds *v.* Carter.

ception or giving birth to two or three bastard children, are actionable of themselves, seems clear beyond all doubt, and it was properly submitted to the jury to find what the defendant intended by the use of them.

There must, therefore, be

*Judgment on the verdict.*